SLIP OP. 06-57

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                  :

WEST TRAVEL, INC.,              :
                                  :

             Plaintiff,    :      Before:  Jane A. Restani, Chief Judge
                                  :

             v.              :      Court No. 98-09-02786
                                  :

UNITED STATES,              :
                                  :

             Defendant.   :
_____:

**OPINION**

[Defendant's motion for summary judgment granted; case dismissed.]

Dated:  April 25, 2006

Lane, Powell, Spears, Lubersky, LLP (Diane M. Butler) for plaintiff.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Tara K. Hogan), Richard McManus, Office of the Chief Counsel, United States Bureau of Customs and Border Protection, of counsel, for defendant.

Restani, Chief Judge:  This matter is before the court on the parties' cross-motions for summary judgment.  Plaintiff seeks refund of Harbor Maintenance Tax (26 U.S.C. § 4461 et seq. (2000)) ("HMT") payments for various quarters from 1992 through 1996, which were made on account of its Alaska passenger cruises.  Plaintiff alleges that Alaska ports at which its cruises stopped are statutorily exempt from the tax.  The court finds that the claim plaintiff makes now claim is not properly before the court, and that any amendment to assert such a claim would be futile as the statute of limitations has run and the court lacks jurisdiction for other reasons.

**BACKGROUND**

Plaintiff commenced this action on September 8, 1998, alleging that the HMT was unconstitutional and asserting jurisdiction under 28 U.S.C. § 1581(i) (2000) (residual jurisdiction). Related litigation has resolved all constitutional challenges, and the HMT has been upheld as constitutional with regard to passenger cruises. See Princess Cruises, Inc. v. United States, 201 F.3d 1352, 1360 (Fed. Cir. 2000); Carnival Cruise Lines, Inc. v. United States, 200 F.3d 1361, 1369 (Fed. Cir. 2000).[1]

In response to defendant's motion for summary judgment, plaintiff concedes that its constitutional claim must fail, but alleges for the first time before the court that its cruises to Alaska were exempt from the tax by virtue of 26 U.S.C. § 4462(b) (exempting Alaska, Hawaii, and possessions from HMT on "cargo" loaded and unloaded at their ports) and, therefore, it is owed a refund of $28,046.05, a much reduced claim from that asserted in its original constitutional cause of action. Plaintiff has not filed a motion to amend its complaint to include this statutory claim. Furthermore, plaintiff did not file for an administrative refund under 19 C.F.R. § 24.24(e)(4) (2000), obtain an administrative denial, and protest that denial as prerequisites to a suit under 28 U.S.C. § 1581(a) (protest denial jurisdiction). Because this action was stayed for several years while the constitutional litigation was completed in all respects, the court will not look for procedural niceties, but will consider whether it may or should permit plaintiff to amend its complaint to assert the new cause of action.

---

[1] The tax is unconstitutional as applied to exports, United States v. U.S. Shoe Corp., 523 U.S. 360, 370 (1998), but those provisions are severable. Princess Cruises, 201 F.3d at 1358.

**DISCUSSION**

In Swisher Int'l, Inc. v. United States, 205 F.3d 1358, 1364–65 (Fed. Cir. 2000), the court determined that the 19 C.F.R. § 24.24(e) refund procedure was a viable way to challenge the constitutionality of the HMT so that protest jurisdiction would lie under 28 U.S.C. § 1581(a). Prior to that time, there was no established administrative procedure for constitutional challenges to HMT collections. If there was any doubt as to the viability of 19 C.F.R. § 24.24(e) for general HMT assessment issues, it was resolved by Swisher. Furthermore, as of early 2000, Swisher confirmed that Customs Service refund regulations did not provide a time limit for filing refund claims. 205 F.3d at 1368. Thereafter, on July 2, 2001, after a period of notice and comment, the then United States Customs Service promulgated a regulatory time-limit of one year from the date of payment for requesting refunds thereof. See 19 C.F.R. § 24.24(e)(4)(ii) (2002); see also M.G. Maher & Co., Inc. v. United States, 26 CIT 1040, 1044 (2002) (upholding regulatory time limit for refund claims.) Thus, for more than a year from the date of the Swisher opinion until the regulation became effective, it should have been clear that administrative relief was available for past HMT refund claims.[2]

Plaintiff argues that it did not wish to split its cause of action, but it should have known from early 2000, when the Carnival Cruise decision issued, that its constitutional claim would not succeed and, in fact, it seems not to have decided to assert a statutory claim until late 2005 or 2006, when it decided to pursue the current claim. See infra next paragraph. Thus, plaintiff had

---

[2]The court notes that until very recently, it maintained a website specific to HMT issues by which all persons easily could stay abreast of legal developments. Of course, as indicated above, legally sufficient notice existed apart from the website.

nothing to split in 2000-2001, when it should have acted, as numerous parties did.[3]

In 2005, after the court was informed by the Government that the court established administrative claims procedures arising out of U.S. Shoe, 523 U.S. 360, had been completed and that collateral litigation relating to interest on export based claims had been resolved, the court determined to lift its general stay originally covering thousands of cases and to dismiss the remaining HMT actions, save for cause shown.[4]  Plaintiff's suit was not dismissed, rather, it was permitted to litigate its claim based on its statements that it had constitutional claims remaining and a claim under Princess Cruises, Inc. v. United States, 397 F.3d 1358 (Fed. Cir. 2005) (layover claims).  See West Travel, Inc. v. United States, No. 98-09-02786 (CIT Oct. 13, 2005)  (order granting motion to stay dismissal).  It asserts neither claim now.  (See Pl.'s Mot. for Summ. J.)

Given these developments, the court sees no genuine excuse for plaintiff's delay. Nonetheless, assuming arguendo that all of the legal uncertainty surrounding the HMT and the general stay do provide a good reason for seeking an amendment at this time, the court will address whether such an amendment would be futile.

First, it is clear that a suit under 28 U.S.C. § 1581(i) must be brought within two years of claim accrual.  See 28 U.S.C. § 2636(i)(2000).  None of the payments which plaintiff seeks to

---

[3]   Apart from the challenges based on the effects on the HMT statute, as a whole, of the successful challenge under the Export Clause, some parties challenged the HMT based on the Port Preference and Uniformity Clauses of the Constitution because of the very exemptions now relied on by plaintiff.  Those challenges failed.  See, e.g., Thomson Multimedia Inc. v. United States, 340 F.3d 1355, 1363–66 (Fed. Cir. 2003).

[4]  See U.S. Shoe Corp. v. United States, Slip Op. 05-89, 2005 WL 1767959 (CIT Jul. 27, 2005).  The court had over the years lifted the stay at various times to allow action in individual suits.

recover were made after August 8, 1996.  (Def.'s App. to Mot. for Summ. J. 1–2.)  This suit was filed more than two years later, in September 1998.  Thus, 28 U.S.C. § 1581(i) jurisdiction is not an available avenue for recovery of the payments at issue.[5]

Second, plaintiff cannot assert a claim under 28 U.S.C. § 1581(a) because it has not obtained a denial of a protest.[6]  Such a jurisdictional prerequisite begins with a refund request under 19 C.F.R. 24.24(e).  Plaintiff has not alleged that it has ever begun the process that leads to 28 U.S.C. § 1581(a) jurisdiction.  Neither party has opined as to whether such an administrative refund claim is viable at this date, and it would appear to be too late under the current regulation.  If, for some reason, it is viable, plaintiff's claim under 28 U.S.C. § 1581(a) is not ripe.  In any case, no amendment to the complaint based on this alternative jurisdictional basis is possible at this time.

Accordingly, plaintiff may not amend its complaint to allege a statutory claim and this action under 28 U.S.C. § 1581(i) will be dismissed.

/s/   Jane A. Restani
Jane A. Restani
Chief Judge

Dated:  New York, New York.

This 25th day of April, 2006.

---

[5]  A companion case, West Travel, Inc. v. United States, Court No. 98-09-02785, decided simultaneously herewith, addresses claims that are not time-barred for purposes of 28 U.S.C. § 1581(i).

[6]  Date of protest denial controls the statute of limitations under 28 U.S.C. § 1581(a). See 28 U.S.C. § 2636(a).